# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2326

_____

United States of America,

    Plaintiff - Appellee,

v.

Luciano Martinez-Figueroa,

    Defendant - Appellant.

*
*
*
*
* Appeal from the United States
* District Court for the
* Western District of Missouri.
*
*
*

_____

Submitted: April 30, 2005
Filed: January 23, 2006

_____

Before LOKEN, Chief Judge, McMILLIAN[*] and BEAM, Circuit Judges.

_____

LOKEN, Chief Judge.

After a jury convicted Luciano Martinez-Figueroa of conspiracy to distribute and possession with the intent to distribute more than 100 kilograms of marijuana, the district court[**] sentenced him to 97 months in prison. Martinez-Figueroa appealed his conviction, raising two evidentiary issues. We affirmed. United States v.

---

[*]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E. Judge McMillian concurred in the opinion before his death.

[**]The HONORABLE RICHARD E. DORR, United States District Judge for the Western District of Missouri.

Martinez-Figueroa, 363 F.3d 679 (8th Cir. 2004). Following the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), Martinez-Figueroa petitioned the Supreme Court for a writ of certiorari, raising Sixth Amendment sentencing issues. The Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Having reconsidered Martinez-Figueroa's sentence in light of Booker, we reinstate our earlier opinion and affirm.

Martinez-Figueroa argues that the district court violated his Sixth Amendment rights by increasing his sentence based on the court's finding of drug quantity and imposition of a two-level enhancement for obstruction of justice. Martinez-Figueroa did not object to these determinations on Sixth Amendment grounds in the district court, and he did not raise sentencing issues on appeal to this court. Therefore, we review this contention for plain error. United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005). Plain error review is governed by the four-part test of United States v. Olano, 507 U.S. 725, 732-36 (1993). Here, the first two Olano factors are satisfied because the district court committed error when it applied the Guidelines as mandatory and that error is plain after Booker. However, Martinez-Figueroa fails to satisfy the third factor because he cannot "show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Pirani, 406 F.3d at 552.

Though the district court sentenced Martinez-Figueroa at the bottom of the then-mandatory guidelines range, this is insufficient, without more, to demonstrate a reasonable probability that the district court would have imposed a lesser sentence absent Booker error. In announcing Martinez-Figueroa's sentence, the district court stated: "I would agree with counsel that certainly the low end is appropriate here. It's a harsh result with the two-level enhancement, but it fits the facts." There is nothing in the record suggesting that the district court would have imposed a different sentence had it considered the Guidelines advisory. "[W]here the effect of the [Booker] error

-2-

on the result in the district court is uncertain or indeterminate -- where we would have to speculate -- the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." <u>Pirani</u>, 406 F.3d at 553 (quotation and citation omitted). Thus, Martinez-Figueroa's sentence was not the product of plain error.

The judgment of the district court is affirmed.

_____